FILED

11/22/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0587

DA 15-0587

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 303N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

FREDDIE COULTER III,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
In and For the County of Carbon, Cause No. DC 14-24
Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Freddie Coulter III (Self-Represented), Shelby, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Tammy K Plubell,
Assistant Attorney General, Helena, Montana

          Alex R. Nixon, Carbon County Attorney, Red Lodge, Montana

Submitted on Briefs:  October 26, 2016

Decided:  November 22, 2016

Filed:

_____
                        Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    In June 2014 Freddie Coulter III was charged with one count of felony sexual assault and two counts of felony sexual abuse of children. The charges arose from a sexual encounter between Coulter, aged 21, and C.A., aged 11. In December 2014 Coulter entered into a plea agreement under which he pled guilty to sexual assault and the State dropped the two counts of sexual abuse of a child. In February 2015, and following a pre-sentencing investigation and receipt of the report, the Twenty-Second Judicial District Court, Carbon County, sentenced Coulter to 20 years in a prison designated by the Department of Corrections, with 10 years suspended. Parole eligibility was restricted to Coulter's completion of Phase I and Phase II of a sexual offender treatment program. Additionally, Coulter was fined and subject to numerous conditions, restrictions, and limitations.

¶3    In August 2015 Coulter moved to withdraw his guilty plea alleging that he did not "knowingly" commit sexual assault because C.A. had represented to him, and to other men online, that she was over 18 years old. He further claimed that his counsel

2

"induced" him to take the plea deal by "misadvising" him on his ability to present a successful defense.

¶4 On September 8, 2015, the District Court issued its Order Denying Motion to Withdraw Guilty Plea, holding that Coulter had not established good cause as required under § 46-16-105(2), MCA.[1] The court observed that Coulter mistakenly believed that in order to prove that he was guilty of sexual assault, the State had to prove that he knew C.A. was under 18 years of age at the time of sexual contact. The court pointed out that to prove sexual assault, the State need only establish that (1) the defendant knowingly subjected another person to sexual contact, and (2) the contact was without consent. The court explained that, under § 45-5-502(5)(a)(ii), MCA, a victim under the age of 14 is incapable of giving consent as a matter of law if the offender is 3 or more years older than the victim. The District Court held that when Coulter entered into his plea agreement, he expressly admitted to knowingly subjecting C.A. to sexual contact. He further admitted that the sexual contact occurred at a time when she was a minor and was more than 3 years younger than him. The court determined that arguments contrary to Coulter's admissions were without merit and thus he failed to demonstrate good cause for withdrawing his guilty plea.

¶5 Turning to Coulter's argument that his counsel "misadvised" him to accept the plea agreement, the District Court interpreted this as a claim of ineffective assistance of

---

[1] Section 46-16-105(2), MCA, provides in relevant part: "At any time before judgment or, except when a claim of innocence is supported by evidence of a fundamental miscarriage of justice, within 1 year after judgment becomes final, the court may, for good cause shown, permit the plea of guilty or nolo contendere to be withdrawn and a plea of not guilty substituted."

counsel (IAC).  In reviewing Coulter's claim, the District Court relied on *State v. LeMay*, 2011 MT 323, ¶ 52, 363 Mont. 172, 266 P.3d 1278, which provides that if "a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases."  The court concluded that Coulter's claim was again based upon his own misinterpretation of the law: namely, his belief that he could not have committed the crime without knowledge of C.A.'s true age.

¶6     The court noted that counsel reviewed the elements of the crime and the potential penalties Coulter could face after trial and advised Coulter to accept the plea agreement. The District Court concluded that counsel's performance fell within the acceptable range of competence and that Coulter presented no credible evidence that he was coerced or forced into pleading guilty.  Based upon these conclusions, the District Court held that Coulter did not demonstrate good cause to withdraw his guilty plea on this ground.

¶7     Coulter maintains these arguments on appeal.  The State urges us to affirm based upon the rationale of the District Court.  We review a court's denial of a motion to withdraw a guilty plea to determine if the court's factual findings are clearly erroneous and if the court's interpretation and application of the law are correct.  *State v. Hendrickson*, 2014 MT 132, ¶ 12, 375 Mont. 136, 325 P.3d 694 (citations omitted).  We review claims of IAC de novo.  *State v. Kougl*, 2004 MT 243, ¶ 12, 323 Mont. 6, 97 P.3d 1095 (citations omitted).

¶8     The record supports the District Court's findings of fact and the correctness of its interpretation and application of the applicable law. The State did not have the burden of proving that Coulter knew C.A. was a minor at the time of the sexual contact. The State had to establish that Coulter knowingly engaged in the sexual contact. It satisfied this burden when Coulter admitted to the contact. The State had the burden of proving that C.A. had not consented to the sexual contact. This was established by virtue of C.A.'s age under § 45-5-502(5)(a)(ii), MCA. Moreover, we agree that Coulter failed to establish that counsel's performance was outside the acceptable range of competence or prejudiced his defense.

¶9     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for noncitable memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law. The District Court's findings of fact were supported by the record and its interpretation and application of the law were correct.

¶10    Affirm.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ JIM RICE